### Ex parte David CONTRERAS.
### No. 40554.

Court of Criminal Appeals of Texas.

July 26, 1967.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is a habeas corpus proceeding in which appellant seeks his release from custody of the sheriff of Brown County.

On October 26, 1966, appellant waived a jury and entered a plea of guilty, in the County Court of Brown County, in Cause No. 14,825, to a charge of driving while intoxicated and was assessed punishment at six months in jail and a fine of $500.

Thereafter, on January 13, 1967, appellant presented to the Honorable Joe B. Dibrell, Judge of the 35th Judicial District Court of Brown County, his petition for writ of habeas corpus, in which he alleged that the judgment of conviction for driving while intoxicated was void because he was informed by the county judge of Brown County that if he entered a plea of guilty to the charge he would be assessed a penalty of three days in jail and a fine of $85 and with that understanding he agreed to plead guilty.

Upon presentation of the petition, Judge Dibrell granted the writ of habeas corpus and set a date for hearing.

At the hearing, appellant swore that when he entered the plea of guilty he thought he would receive punishment of three days in jail and a fine of $85 and that he would not have entered such plea had he known the punishment would be a fine of $500 and six months in jail. Appellant admitted, however, that he knew the latter punishment was a possible sentence which could be assessed in the case but that the judge told him "that either it would be three days in jail and $85.00, or if I didn't arrange something with the car dealer then it would be six months and $500.00."

County Judge William O. Breedlove testified that in no way did he intimate to appellant that if he entered a plea of guilty his punishment would be assessed at three days in jail and a fine of $85, but that he told appellant the punishment would be a minimum of three days in jail and a $50 fine or a maximum of one year in jail and a $500 fine.

Under the record, the court did not err in denying appellant relief.

The judgment is affirmed.